UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL THURBER,

                              Plaintiff,

v.                                                 Civil Action No:

NICOLE OLIVIA LICHTMAN &
JUDGMENT RECOVERY PARTNERS LLC

                              Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Michael Thurber is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Nicole Olivia Lichtman. (hereinafter "Lichtman") is a natural person residing in the County of New York and State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Judgment Recovery Partners. (hereinafter "JRP") is a domestic professional corporation organized and existing under the laws of the State New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendant regularly attempts to collect debts alleged to be due another.

9. All references to either defendant herein shall mean said defendant or an employee of said defendant.

10. That at all relevant time herein, Lichtman acted as agent-in-fact for JRP, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a debt to Citibank N.A. This debt will be referred to as the "subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. Plaintiff allegedly defaulted on the subject debt.

14. That the subject debt was allegedly assigned to Advantage Assets II, Inc. after Plaintiff's alleged default.

15. That on or about August 3, 2010, Advantage Assets II, Inc. filed a lawsuit in Buffalo City Court bearing index number 10947-10 against the Plaintiff for the alleged subject debt.

16. That on or about December 17, 2010, the above referenced action was reduced to a judgment for $4,370.42 against the Plaintiff.

17. That on or about June 22, 2022 Defendant Litchman through the Erie County Sherriff served an income execution on Plaintiff's employer regarding the judgment taken against Plaintiff by Advantage Assets II, Inc. on Plaintiff.

18. This Income execution did not bare the original judgment caption for the matter with index number 10947-10 and made no reference whatsoever to judgment creditor Advantage Assets II, Inc. Instead the caption stated that JPR was the judgment creditor.

19. That upon information and belief, there is not an assignment of judgment filed with either the Erie County Clerk's Office or Buffalo City Court assigning the judgment from Advantage Assets II, Inc. to JPR

20. That at no point was any notice from Advantage Assets II, Inc. sent to Plaintiff notifying him of the alleged assignment of his judgment from Advantage Assets II, Inc. to JPR.

21. That the afore-mentioned income execution sent to Plaintiff's employer was improper as Defendant JPR is not the judgment creditor for the matter filed by Advantage Assets II, Inc. in Buffalo City Court against the Plaintiff.

22. That the income execution fails to list the proper amount of interest applicable to the judgment per NY CPLR 5004. and NY CPLR 5230.

23. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

24. That, as a result of Defendant's acts Plaintiff suffered actual monetary damages as a result of the improper income execution.

## V. CAUSE OF ACTION

25. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

26. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(9),  15 U.S.C. §1692e(10), 15 U.S.C. §1692e(14), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1)  by sending initiating and enforcing an income execution which falsely implied that JPR was the judgment creditor for the matter indexed in Buffalo City Court 10947-10.

27. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692, and 15 U.S.C. §1692f(1) by failing to  list the proper amount of interest applicable to the judgment per NY CPLR 5004. and NY CPLR 5230.

28. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5),   15 U.S.C. §1692f and 15 U.S.C. §1692f(6)  by initiating and continuing to enforce income execution proceedings, without any legal right to do so because:

    a. Advantage Assets II, Inc. ever provided Plaintiff notice of the purported assignment establishing JPR's chain of title regarding the judgment taken against Plaintiff by Advantage Assets II, Inc.  Without such notice, Defendants had no right to initiate and enforce post judgment remedies against Plaintiff.

      b. Defendants did not possess sufficient documentation to demonstrate that they had standing to enforce the judgment taken against Plaintiff by Advantage Assets II, Inc.

29. That Defendant JPR is vicariously liable for the tortious acts of Defendant Litchman described herein pursuant to the laws of agency and otherwise.

30. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 27, 2022

    /s/Seth J. Andrews_____
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:  sandrews@kennethhiller.com